**UNITED STATES DISTRICT COURT**   **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| *versus* | § | CASE NO. 4:15-CR-207(1) |
| | § | |
| MARLAND BOLTON | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Marland Bolton's ("Bolton") *pro se* Motion to Contest Criminal History Calculation of Pre-Sentencing Report (#497), wherein he requests the court to recalculate his sentence. The Government filed a response in opposition (#499). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that Bolton's request should be DENIED.

I.     Background

On May 10, 2017, a federal grand jury in the Eastern District of Texas returned a five-count Fourth Superseding Indictment, naming Bolton in Counts 1, 2, and 5. The Indictment charged Bolton in Count 1 with Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846; in Count 2 with Conspiracy to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; and in Count 5 with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). On September 11, 2017, Bolton entered a guilty plea pursuant to a non-binding plea agreement to Count 1 of the Fourth Superseding Indictment.

Bolton's Presentence Investigation Report ("PSR"), prepared by United States Probation and Pretrial Services ("Probation"), recommended a 151-month sentence. Probation calculated this sentence based on a Total Offense Level of 33 and a Criminal History Category of II, which

results in a Sentencing Guideline range of 151 to 188 months' imprisonment.  Bolton did not file any objections to the PSR, and on January 29, 2018, the court sentenced him to 151 months' imprisonment, to be followed by a 5-year term of supervised release.  On April 1, 2021, Bolton filed the instant motion challenging his criminal history calculation, claiming that the total criminal history computation is incorrect because he never actually served more than one year and one month in prison for his 1994 conviction for Unlawful Possession of a Controlled Substance.

II.    Analysis

The court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed.  *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *Dillon v. United States*, 560 U.S. 817, 819 (2010).  Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances:  (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C.

§ 3582(c); *see United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021) ("Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),' so long as the 'reduction is consistent with applicable policy statements.'"); *Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Bolton fails to assert grounds for modification of his prison sentence that fall into any of the above-listed categories. The court, therefore, does not have the authority to alter his sentence. *See Varner*, 948 F.3d at 253 (finding that the district court lacked jurisdiction to entertain a motion to correct or change a sentence unless it fell into one of the recognized categories of postconviction motions set forth in FED. R. CRIM. P. 35 or 36 or in 18 U.S.C. § 3582(c)); *United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (holding that "[t]he district court is prohibited from modifying a term of imprisonment once it has been imposed except in certain limited circumstances") (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *United States v. Ellis*, No. CR 15-124, 2020 WL 5073562, at *1 (E.D. La. Aug. 26, 2020) (same); *see also United States v. Dowl*, No. 08-164, 2012 WL 910090, at *2 (E.D. La. Mar. 16, 2012) ("A motion filed under Section 3582(c)(2) 'is not the appropriate vehicle' for relitigating issues that could have been raised at sentencing.") (citing *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994); *United States v. Williams*, No. CR93-10012, 2009 WL 4432379, at *5 (W.D. La. Oct. 13, 2009), *aff'd*, 425 F. App'x 278 (5th Cir. 2011) (recognizing that a district court does not have "'inherent authority' to correct a perceived error in the application of the sentencing guidelines"). Further, "[b]y its terms, § 3582(c)(2) does not authorize a sentencing

or resentencing proceeding." *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010)).

Nevertheless, "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("filings of a *pro se* litigant are 'to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of pro se litigants."). Because a *pro se* litigant's motion is not always what it purports to be, a court may sometimes recharacterize a motion that is labeled differently. *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003)); *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019); *United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized." (citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983))). The court's decision to recharacterize a motion, however, is discretionary. *Elam*, 930 F.3d at 409 (citing *Santora*, 711 F.2d at 42).

Section 2255(f)(1) of Title 28 of the United States Code affords a prisoner with an avenue to contest a sentence post-conviction by providing a one-year period to file a motion challenging a prison sentence, running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f); *United States v. Redd*, 562 F.3d 309, 311 (5th Cir.), *cert. denied*, 558 U.S. 917 (2009). A conviction becomes final for purposes of § 2255 when a federal prisoner fails to file a Notice of Appeal from his conviction after the 14-day window to file a direct appeal elapses.

*See* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or order being appealed; or (ii) the filing of the government's notice of appeal."); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

Here, the court entered judgment on January 29, 2019. Bolton did not file a Notice of Appeal; thus, the judgment became final 14 days later, on February 12, 2019. *See United States v. Morgan*, 845 F.3d 664, 666 n.1 (5th Cir. 2017) ("Since no appeal was taken, [the] conviction became final fourteen days after judgment was entered."). Therefore, Bolton had one year from the date judgment became final, February 12, 2020, to seek habeas corpus relief under § 2255.[1] Nonetheless, he failed to do so, and his current motion filed on April 1, 2021, is both untimely and presents no cognizable grounds for relief.

Bolton argues that because his prior state conviction never resulted in an "active" prison sentence in which he served at least a year and a month in custody, he should not have received any criminal history points for that sentence. *See* United States Sentencing Guidelines ("U.S.S.G.") § 4A1.2(e)(1). According to the U.S.S.G., a defendant is assessed 3 criminal

_____

[1] In its response, the Government points out that § 3742 is also unavailable to Bolton. *See United States v. Garcia*, 832 F. App'x 887, 888 (5th Cir. 2021) (holding that 18 U.S.C. § 3742 does not provide a jurisdictional basis for a district court to consider a post-appeal motion to reduce a sentence). Section 3742(a)(1)-(2) provides that a defendant may file a Notice of Appeal in the district court for review of an otherwise final sentence, if the sentence was imposed in violation of law or was the result of an incorrect application of the sentencing guidelines. 18 U.S.C. § 3742(a)(1)-(2); *United States v. Smith*, No. 3:13-CR-153, 2015 WL 6083536, at *2 (M.D. Fla. Oct. 15, 2015); *United States v. Smiley*, No. 99-60, 2009 WL 1737456, at *2 (D. N.J. June 16, 2009). Here, Bolton did not file a Notice of Appeal in order to seek review under § 3742. The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction. *Garcia*, 832 F. App'x at 888.

history points for each sentence of imprisonment that exceeds one year and one month. U.S.S.G. § 4A1.1(a); *see United States v. Mendez*, 560 F. App'x 262, 263-64 (5th Cir. 2014). In order to receive 3 points, the previous sentence must occur within 15 years of the defendant's commencement of the offense of conviction. U.S.S.G. § 4A1.1(e)(1). Furthermore, the U.S.S.G. defines a sentence of imprisonment as "(1) a sentence of incarceration and refers to the maximum sentence imposed. (2) If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b); *United States v. Eustice*, 952 F.3d 686, 692 (5th Cir. 2020); *United States v. Perez-Mateo*, 926 F.3d 216, 219 (5th Cir. 2019) (noting exceptions to the one year and a day requirement)*; Mendez*, 560 F. App'x at 264 (observing that a suspended sentence does not count towards the one year and one month calculation); *United States v. Jasso*, 587 F.3d 706, 710 (5th Cir. 2009) (holding that "term of imprisonment" is synonymous with "sentence of imprisonment" and that both terms refer only to the portion of the sentence not suspended).

In the event of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, however, the original imprisonment term is added to any term of imprisonment imposed upon revocation. U.S.S.G. § 4A1.2(k)(1); *United States v. Guidry*, 960 F.3d 676, 684 (5th Cir. 2020); *United States v. Sanchez*, 716 F. App'x 306, 307 (5th Cir. 2019); *Jasso*, 587 F.3d at 711; *United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006). To determine the applicable time period with regard to any revocation, courts will consider the following factors:

> (A) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence; (B) in the case of any other confinement sentence for an offense committed prior to the

defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence; and (C) in any other case, the date of the original sentence.

U.S.S.G. § 4A1.2(k)(2).

Here, on October 10, 1994, Dallas County Criminal District Court Number 3 convicted Bolton of Unlawful Possession of a Controlled Substance in Docket No. F-945822-J. The state court initially ordered Bolton to serve a 4-year term of deferred adjudication probation and to pay a $1,000 fine. On October 4, 1996, because he violated the terms of his probation, Bolton was adjudicated guilty, and the court imposed a 10-year prison sentence to include boot camp placement.[2] On December 17, 1996, the state court suspended Bolton's sentence after he had served only 2 months of his sentence and imposed a 5-year term of probation plus 250 hours of community service. On March 22, 2000, the state court revoked Bolton's probation once again because he failed to comply with its terms, and the court imposed a prison sentence. According to the PSR, Bolton served that prison sentence until the state court released him to parole on May 30, 2002. Thus, Bolton committed the instant offense within 15 years of his release from state prison in 2002.[3] *See* U.S.S.G. § 4A1.2(e). In accordance with U.S.S.G. § 4A1.2(k)(2), Probation added the 2 months Bolton initially served to the 2 years and 2 months he served in prison after violating the terms of his 1996 probation. *See* U.S.S.G. § 4A1.2(k)(2) cmt. n.11. Therefore, Probation accurately calculated Bolton's criminal history by allocating 3 criminal history points for Bolton's aggregate 2 years and 4 months' period of imprisonment.

---

[2] Bolton incorrectly states that the court never imposed an active prison sentence.

[3] The Fourth Superseding Indictment alleged that the offense described in Count 1 occurred in or about January 2012, and continuously thereafter up to and including November 1, 2015.

Bolton's conviction and sentence became final when the deadline for filing an appeal expired in February 12, 2019. Bolton, however, neither filed an appeal nor sought habeas corpus relief. It has long been recognized that "[t]he principle of finality . . . is essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989). Indeed, as the Supreme Court has observed, "[a] final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 165 (1982). Appreciating the importance of finality, Justice Harlan stated in his concurring opinion in *Mackey v. United States*:

> No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation.

401 U.S. 667, 691 (1971). This principle of finality forecloses Bolton's current endeavor to circumvent the limitations on post-conviction relief by challenging determinations made long ago at sentencing to which he did not object and never appealed or sought habeas corpus relief.

III.  Conclusion

In accordance with the foregoing analysis, Bolton's *pro se* Motion to Contest Criminal History Calculation of Pre-Sentencing Report (#497) is DENIED.

SIGNED at Beaumont, Texas, this 23rd day of June, 2021.

_Marcia A. Crone_
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE