UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:15-CR-207-SDJ |
| | § |
| MARLAND BOLTON (1) | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marland Bolton's Motion for Sentence Reduction Under § 3582(c)(1)(A). (Dkt. #539). Having considered the motion, the record, and the applicable law, Bolton's motion is **DENIED**.

### I. BACKGROUND

On January 31, 2018, Bolton was sentenced to a 151-month term of imprisonment with five years of supervised release. (Dkt. #389). He was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. (Dkt. #211 ¶ 2). The conspiracy involved the distribution of large amounts of methamphetamine, specifically in amounts of at least 5 kilograms but less than 15 kilograms of methamphetamine, or at least 500 grams but less than 1.5 kilograms of methamphetamine (actual). (Dkt. #213 ¶ 6); *see also* (Dkt. #380 ¶ 11). "As courts have consistently recognized, the proliferation of dangerous addictive narcotics is a significant public and societal harm." *United States v. Rodriguez*, No. 17-CR-1596, 2023 WL 1934326, at *3 (S.D. Cal. Feb. 10, 2023).

About fifty-seven months after sentencing, Bolton filed this motion for compassionate release, citing his need to care for his then-twenty-three-year-old son with autism and his elderly mother. (Dkt. #539-1 at 2). Bolton requests that the Court

1

reduce his sentence, presumably to time served, and order him released from prison. At this time, Bolton has served about two-thirds of his sentence.

## II. LEGAL STANDARDS

### A. Jurisdiction over Sentence-Reduction Motions

Under the "rule of finality," "federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (cleaned up). That is so because a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment," which may be modified in only "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Indeed, the Fifth Circuit has explained that "[a]bsent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also Eberhart v. United States*, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (a "basic principle of judicial process" is that "once a final [criminal] judgment is issued and the court of appeals considers a case, a district court has no power to act on it further").

The "limited circumstances" in which a defendant may invoke the district court's[1] jurisdiction are through (1) compassionate-release motions;[2] (2) motions for

---

[1] A defendant may invoke the jurisdiction of the courts of appeals through direct appeal of their term of imprisonment under 18 U.S.C. § 3742.

[2] 18 U.S.C. § 3582(c)(1)(A).

2

sentence reduction based on a change in the sentencing guidelines;[3] (3) Rule 35(a) motions to correct clear error within fourteen days of sentencing;[4] (4) Rule 35(b) motions for sentence reduction based on substantial assistance;[5] (5) Rule 36 motions to correct clerical errors;[6] (6) habeas motions;[7] or (7) any other motion "expressly permitted by statute."[8] *Varner,* 948 F.3d at 253–54. That's it. If a Defendant seeks other relief, they should specifically identify where that relief is expressly permitted by statute.

**B. Motions for Compassionate Release**

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(i).

The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a

---

[3] 18 U.S.C. § 3582(c)(2).

[4] 18 U.S.C. § 3582(c)(1)(B); *see also* FED. R. CRIM. P. 35(a).

[5] *Id.*; *see also* FED. R. CRIM. P. 35(b).

[6] FED. R. CRIM. P. 36.

[7] 28 U.S.C. § 2255.

[8] 18 U.S.C. § 3582(c)(1)(B).

reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024).

So what constitute "extraordinary and compelling reasons"? Congress chose not to elaborate further. Instead, it delegated the authority to do so to the Sentencing Commission. *See* 28 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). In so doing, Congress "provided just one restriction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

Under this authority, the Sentencing Commission promulgated U.S.S.G. § 1B1.13. As it stands now, there are six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). This section binds district courts because Section 3582 requires sentence reductions to be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v.*

4

*Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (finding that Congress intended the Sentencing Commission's policy statements "to be binding in § 3582(c) proceedings"). And the 2023 amendments[9] made clear that U.S.S.G. § 1B1.13 applies to motions filed by either "the Director of the [BOP] or the defendant."[10] U.S.S.G. § 1B1.13(a); *see also United States v. Jean*, 108 F.4th 275, 290 (5th Cir. 2024) (noting that "district courts are now guided by the November 1, 2023 Amendments in future cases"), *abrogated on other grounds by United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2025).

But the analysis doesn't end there. Even if the defendant shows extraordinary and compelling reasons for granting relief, several other hurdles remain. For example, the court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The factors under Section 3142(g) align with the sentencing factors under 18 U.S.C. § 3553(a),[11] which must also be considered by the court:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed

---

[9] Amendments to the Sent'g Guidelines (U.S. Sent'g Comm'n Nov. 1, 2023).

[10] Before the 2023 amendments to the Sentencing Guidelines, U.S.S.G. § 1B1.13(a) was limited to motions "of the Director of the [BOP]." The Fifth Circuit, among many others, interpreted this omission to suggest that U.S.S.G. § 1B1.13 did not apply to compassionate-release motions filed by defendants. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021); *see also United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). The amended guidelines allow for motions "of the Director of the [BOP] *or the defendant*," which clarified this previous confusion.

[11] For brevity, the Court includes the language of only 18 U.S.C. § 3553(a), which is substantively identical to 18 U.S.C. § 3142(g).

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The district court has broad discretion in considering these factors. As the Supreme Court has explained, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case[.]'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Consistent with the broad discretion granted district courts, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion ... where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *Id.* at 358 (citation omitted). In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Based on Bolton's arguments, the Court believes that he seeks to invoke his need to serve as a primary caretaker for his mother and child as extraordinary and compelling reasons for his release.

## C. Defendant's Family Circumstances (U.S.S.G. § 1B1.13(b)(3))

The Sentencing Commission enumerates four potential reasons for a defendant's family circumstances to constitute an extraordinary and compelling reason for release:

6

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "*immediate family member*" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)–(D).

Conclusory assertions that the defendant must now serve as the primary caretaker for a family member are insufficient. *See, e.g.*, *United States v. Newman*, No. CR 122-031, 2024 WL 812041, at *2 (S.D. Ga. Feb. 27, 2024) (finding unsupported assertions that defendant's wife was disabled and that his father required caretaking were "conclusory statements" that were "insufficient to carry his burden of persuasion"). Rather, courts require specific evidence of the defendant's need to serve as a primary caretaker. For example, the defendant must prove with medical support that the family member is incapacitated. *See United States v. Zermeno*, No. 1:16-CR-79(1), 2024 WL 4043445, at *4 (E.D. Tex. Sept. 3, 2024) (collecting cases); *United States v. Romano*, 707 F.Supp.3d 233, 237–38 (E.D.N.Y. 2023) (finding that "[w]ithout medical evidence" of the "father's incapacitation and medical evidence detailing [defendant's] mother's inability to provide his father the necessary assistance, the

7

Court cannot conclude that [the mother] would be an inadequate caregiver"). Statements that a family member is elderly and needs care are insufficient. *Id.* The defendant must also demonstrate why they are the only available caregiver for that family member. *United States v. Lopez,* No. 23-50404, 2024 WL 244935, at *1 (5th Cir. Jan. 23, 2024) (noting that the defendant "failed to explain why his other siblings could not care for his parents"). And there must be a reason for the change in that family member's caretaker status. *Id.* (noting the defendant's failure to "allege the death or incapacitation of any current caretaker").

When the caretaking role relates to minors like children, additional requirements apply. For instance, the defendant must show that they would likely gain custody of the child if released. *See, e.g.*, *Zermeno*, 2024 WL 4043445, at *5 (collecting cases). In such a situation, the court should evaluate whether "release of the inmate to care for the inmate's child is the best interest of the child." U.S. Dep't of Just., Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019)).

**D. Exhaustion Requirement Under 18 U.S.C. § 3582(c)(1)(A)**

Section 3582(c)(1)(A) imposes exhaustion requirements for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although this requirement is mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920 (2020).

8

And "mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022). Thus, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *Id.*

### III. Discussion

To begin with, the Court addresses exhaustion. Defendant Bolton provided proof that he exhausted his administrative remedies before filing this motion. (Dkt. #539-1 at 1–2, 26). The Government concedes that Bolton exhausted his administrative remedies. (Dkt. #540 at 2). The Court therefore finds that Bolton exhausted his administrative remedies.

Turning to Bolton's motion, his request for compassionate release falls under U.S.S.G. § 1B1.13(b)(3)(a) and 1B1.13(b)(3)(c). He claims that he needs to provide care for both his elderly mother and his then-twenty-three-year-old son. As to his mother, Bolton claims that her "dementia has continued to get worse and now she was recently diagnosed with COPD." (Dkt. #539-1 at 2). As a result of these conditions, she "was admitted to Briarcliff Nursing Home, located in Carthage, TX." (Dkt. #539-1 at 2). As to his son Jamal, Bolton claims that most of Jamal's potential caregivers are unable to provide the care he needs because of work or medical conditions. (Dkt. #539-1 at 2). The exception is Bolton's ex-wife Lindsay Paul, who he merely states is "no longer able to provide Jamal's care" since the two got divorced. (Dkt. #539-1 at 2).

Beginning with Bolton's mother, he admits that she "was admitted to Briarcliff Nursing Home, located in Carthage, TX." (Dkt. #539-1 at 2). Even assuming Bolton's mother is incapacitated, she clearly has an available caregiver—Briarcliff Nursing Home—so his need to care for her is neither extraordinary nor compelling.

Turning to Bolton's son Jamal, the evidence before the Court does not show that Bolton is needed to provide care or that he is the only available caretaker. For a child who is over eighteen years old, a defendant must show that the child is "incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(a). But Bolton's Final Presentence Report notes that Jamal was "about to enroll in college" in 2017. (Dkt. #380 at 11). The Court does not find that an adult who is "about to enroll in college" would be incapable of self-care.

As to Jamal's other available caregivers, Bolton does not explain why Jamal's mother cannot care for him because of her job with the United States Postal Service, which does not appear to have been an issue when he was sentenced. (Dkt. #540 at 9). Nor does Bolton explain why his ex-wife Lindsay Paul is unable to provide care now. Absent proof of incapacitation, this conclusory statement is insufficient. *Newman*, 2024 WL 812041, at *2 (rejecting unsupported assertions that two potential caregivers were incapacitated as "conclusory statements" that were "insufficient to carry [the defendant's] burden of persuasion"). The Court also agrees with the Government that Bolton has failed to show why Jamal's brother Marlon, Jamal's half-brother Bryan, or Jamal's half-sister Krystal cannot provide the requisite care. *Lopez*,

2024 WL 244935, at *1 (noting that the defendant "failed to explain why his other siblings could not care for his parents"). In sum, the evidence does not show that Bolton is the only person capable of providing care for Jamal, and Bolton has failed to show that his family circumstances constitute extraordinary and compelling reasons for release.

Setting the sentencing guidelines aside, the Court independently finds that the sentencing factors under 18 U.S.C. § 3553(a) support denying Bolton's motion. *Rollins*, 53 F.4th at 359. Bolton was convicted of conspiracy to possess with intent to distribute methamphetamine, a crime that involved his participation in an international conspiracy to traffic large quantities of methamphetamine. *See supra* Part I. Bolton's offense mandates a ten-year-minimum sentence, which reflects the seriousness of the crime and deters future criminal conduct. Bolton asks the Court to release him notwithstanding the statutory minimum sentence and when he has served only two-thirds of the sentence imposed by this Court. Granting Bolton's request would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment for his offense. Nor would it adequately deter future criminal conduct or protect the public.

Judge Crone's findings in this case provide additional support for denying Bolton's motion:

> The court finds this to be a reasonable sentence in view of the nature and circumstances of the offense [including] . . . his delivering $100,000 worth of cocaine on behalf of the trafficker from Mesquite, TX, to a codefendant who was a member of the street gang Black Gangster Disciples in Hattiesburg, MS, . . . his involvement in the conspiracy for 6 to 8 months in 2015, his prior convictions for possession of a controlled

11

substance (cocaine base) (2) and driving with an invalid license, his failure to comply with a previous term of probation, and his history of substance abuse.

(Dkt. #390 at 4). Because Bolton has failed to show that there are extraordinary and compelling reasons to reduce his sentence, his motion must be denied. Even if Bolton had made this showing, the Court would still find that his motion must be denied "after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693.

## IV. CONCLUSION

Defendants seeking compassionate release must show that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction is warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). Defendant Marland Bolton has failed to meet his burden for each requirement, and his Motion for Sentence Reduction Under § 3582(c)(1)(A), (Dkt. #539), is therefore **DENIED**.

**So ORDERED and SIGNED this 22nd day of May, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE